UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

FEB 1 0 2011

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

JUAN ANTONIO VAZQUEZ, )
)
Plaintiff, )
)
v. ) Civil Action No. 10-0039 (RJL)
)
U.S. DEPARTMENT OF JUSTICE *et al.*, )
)
Defendants. )

## MEMORANDUM OPINION
(February ___, 2011)

In this action brought *pro se* under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 552a, plaintiff challenges the denial by the Department of Justice ("DOJ") of his request for records maintained by the Federal Bureau of Investigation's National Crime Information Center ("NCIC"). Defendants move to dismiss in part under Rule 12(b)(6) of the Federal Rules of Civil Procedure and for summary judgment under Rule 56 [Dkt. No. 15]. Upon consideration of the parties' submissions and the entire record, the Court will grant defendants' motion.

## I. BACKGROUND

By letter of January 29, 2008, plaintiff requested "a copy of all records held by NCIC . . . pertaining to all NCIC requests made by any law enforcement agency regarding [him]." Compl., Ex. 1. The FBI responded with instructions on how plaintiff could obtain his FBI Identification Record of any arrests and convictions. *Id.*, Exs. 2-3. By letter of May 8, 2008, plaintiff conveyed his dissatisfaction with having received only his criminal record and asked how he

could obtain "a copy of the NCIC record that logged in the request made by law enforcement for my criminal background[.]" *Id.*, Ex. 4. He clarified that he was requesting "any log or record kept by NCIC when providing criminal background information to any one, date, time, agency, and payment to NCIC and how was the request . . . made to NCIC, by computer, [] phone, [] fax, or [] a dispatch officer." *Id.* Defendants denied plaintiff's request by letter of July 3, 2008. They advised that the denial "should be construed as either affirming or denying that any such inquiries or requests were, in fact, made." *Id.*, Ex. 5. They further invoked FOIA exemption (b)(2), *see* 5 U.S.C. § 552(b), and Privacy Act exemption (j)(2). *Id.*

In response to plaintiff's administrative appeal, the Office of Information and Privacy ("OIP"), by letter of November 24, 2008, affirmed the FBI's determination, but "on partly modified grounds" that the requested records were exempt from the Privacy Act's accounting requirement under 5 U.S.C. § 552a(j)(2). *Id.*, Ex. 8. Plaintiff filed this lawsuit on January 11, 2010.

## II. DISCUSSION

1. Defendants' Motion to Dismiss

Defendants argue that the NCIC, the FBI and the OIP are not proper parties to this action. Technically, they are correct. The FOIA provides a cause of action only against federal agencies. *See Sherwood Van Lines, Inc. v. U.S. Dep't of Navy*, 732 F. Supp. 240, 241 (D.D.C. 1990). As observed by another judge of this Court, however, "[t]here appears to be some disagreement in this Circuit regarding what constitutes an 'agency' as it pertains to the District Court's jurisdiction pursuant to the FOIA." *Prison Legal News v. Lappin*, 436 F. Supp. 2d 17, 21

(D.D.C. 2006) (Walton, J.) (citations omitted). Faced with the question of whether to dismiss a FOIA case because the only named defendant, Bureau of Prisons ("BOP") Director Harley G. Lappin, could not be sued under the FOIA, Judge Walton found BOP sufficiently independent to be a proper defendant to a FOIA action, "despite its status as a component agency of the DOJ." *Id.* at 22. Here, the Court need not dwell on the issue because, unlike in *Prison Legal News*, DOJ is a named defendant to this action. Therefore, the Court will grant defendants' motion to dismiss the complaint against the DOJ components: NCIC, FBI and OIP.

2. DOJ's Motion for Summary Judgment

Summary judgment is appropriate when the moving party has shown that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "[T]he substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The Court's jurisdiction under the FOIA depends on the improper withholding of agency records. 5 U.S.C. § 552(a)(4)(B); *McGehee v. CIA*, 697 F.2d 1095, 1105 (D.C. Cir. 1983). In a FOIA action, the Court may award summary judgment to an agency solely on the basis of information provided in declarations when they describe "the justifications for nondisclosure with reasonably specific detail . . . and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981). Because agency declarations are accorded "a presumption of good faith," *Long v. U.S. Dep't of Justice*, 450 F. Supp. 2d 42, 54 (D.D.C. 2006), it is incumbent upon the plaintiff

3

to "point to evidence sufficient to put the Agency's good faith into doubt." *Ground Saucer Watch, Inc. v. CIA*, 692 F.2d 770, 771 (D.C. Cir. 1981).

### A. The Denial of Records Under the Privacy Act

The Privacy Act provides that

> [e]ach agency, with respect to each system of records under its control, shall--
> (1) except for disclosures made under subsections (b)(1) or (b)(2) of this section, keep an accurate accounting of-- (A) the date, nature, and purpose of each disclosure of a record to any person or to another agency made under subsection (b) of this section; and (B) the name and address of the person or agency to whom the disclosure is made; (2) retain the accounting made under paragraph (1) of this subsection for at least five years or the life of the record, whichever is longer, after the disclosure for which the accounting is made; (3) except for disclosures made under subsection (b)(7) of this section, make the accounting made under paragraph (1) of this subsection available to the individual named in the record at his request; and (4) inform any person or other agency about any correction or notation of dispute made by the agency in accordance with subsection (d) of this section of any record that has been disclosed to the person or agency if an accounting of the disclosure was made.

5 U.S.C. § 552a(c).[1] DOJ properly denied plaintiff's request under the Privacy Act on the basis that such records are "part of the FBI's [Criminal Justice Information Services] Records System," which the FBI has exempted from the foregoing access provision "pursuant to Exemption (j)(2) of the Privacy Act in conjunction with 28 C.F.R. § 16.96 (2003)." Def.'s Mot., Declaration of Kimberly J. Del Greco ("Del Greco Decl.") [Dkt. No. 15-4] ¶ 20; *see* 28 C.F.R. § 16.96(g)(1) (exempting NCIC's records system "only to the extent that information in the system is subject to

---

[1] An accounting need not be made available to the named individual if the disclosure was made "to another agency or to an instrumentality of any governmental jurisdiction within or under the control of the United States for a civil or criminal law enforcement activity . . . authorized by law . . . [in response to a written request by] the head of the agency or instrumentality . . . specifying the particular portion desired and the law enforcement activity for which the record is sought[,]" 5 U.S.C. § 552a(b)(7).

4

exemption pursuant to 5 U.S.C. § 552a(j)(2) and (k)(3)."). The Privacy Act does not bar disclosure of documents that are otherwise required to be disclosed under the FOIA, however. 5 U.S.C. § 552a(b)(2); *see Greentree v. United States Customs Serv.*, 674 F.2d 74, 79 (D.C. Cir. 1982).

## B. The Denial of Records Under the FOIA

In its administrative response to plaintiff's request, DOJ neither confirmed nor denied the existence of responsive records and invoked FOIA exemption 2. Compl., Ex. 5. DOJ now argues that it properly denied plaintiff's request under FOIA exemptions 2 and 7(E), *see* Defs.' Mem. of P. & A. in Support of Mot. to Dismiss in Part and for Summ. J. [Dkt. No. 15-2] at 10-14, and that it properly refused to confirm or deny the existence of such records. Defs.' Reply to Pl.'s Opp'n to Defs.' Mot. to Dismiss in Part, and in the Alternative, for Summ. J. [Dkt. No. 20] at 8-9. Commonly referred to as a *Glomar* response, an agency " 'may refuse to confirm or deny the existence of records where to answer the FOIA inquiry would cause harm cognizable under an FOIA exception.' "[2] *Wolf v. CIA*, 473 F.3d 370, 374 (D.C. Cir. 2007) (quoting *Gardels v. CIA*, 689 F.2d 1100, 1103 (D.C. Cir. 1982)).

The Attorney General has delegated to the FBI its responsibility to "acquire, collect, classify, and preserve identification, criminal identification, crime, and other records." Del Greco Decl. ¶ 5 (citing 28 U.S.C. § 534). To this end, the FBI maintains the NCIC database described as "a nationwide computerized information system operating under a shared management concept between the FBI and the criminal justice community, with the FBI

---

[2] *See generally Phillippi v. Central Intelligence Agency*, 546 F.2d 1009 (D.C. Cir. 1976) (addressing FOIA request for records pertaining to the ship "Hughes Glomar Explorer").

functioning as the national manager." *Id.* ¶ 7. The purpose of the NCIC "is to support criminal justice agencies ... in their mission to uphold the law and protect the public, to warn law enforcement of potential danger, and to promote the exchange of information which will facilitate criminal and counter terrorism investigations." *Id.* ¶ 22. "Detection of behaviors and activities form the basic core of pending investigative efforts." *Id.* ¶ 23.

FOIA exemption 2 shields from disclosure information that is "related solely to the internal personnel rules and practices of an agency." 5 U.S.C. § 552(b)(2). It applies if the requested information meets two criteria. First, such information must be "used for predominantly internal purposes." *Crooker v. Bureau of Alcohol, Tobacco and Firearms*, 670 F.2d 1051, 1074 (D.C. Cir. 1981); *see Nat'l Treasury Employees Union v. United States Customs Serv.*, 802 F.2d 525, 528 (D.C. Cir. 1986). Second, the agency must show either that "disclosure [of the information] may risk circumvention of agency regulation," or that "the material relates to trivial administrative matters of no genuine public interest." *Schwaner v. Dep't of the Air Force*, 898 F.2d 793, 794 (D.C. Cir. 1990) (citations omitted). "Predominantly internal documents the disclosure of which would risk circumvention of agency statutes are protected by the so-called 'high 2' exemption." *Schiller v. Nat'l Labor Relations Bd.*, 964 F.2d 1205, 1207 (D.C. Cir. 1992); material that merely relates to trivial administrative matters of no genuine public interest is deemed "low 2" exempt material. *See Founding Church of Scientology of Washington, D.C., Inc. v. Smith*, 721 F.2d 828, 830-31 n.4 (D.C. Cir. 1983); accord *Elliott v. U.S. Dep't of Agriculture*, 596 F.3d 842, 847 (D.C. Cir. 2010).

Defendant classifies the requested information – the identities of law enforcement agencies that queried the NCIC for information concerning plaintiff -- as high 2 material. Del

Greco Decl. ¶ 21. "High 2" material first "must fall within the exemption's language .... That is, the material must be 'used for predominantly internal purposes,' and relate to 'rules and practices for agency personnel.' " *Elliott*, 596 F.3d at 847 (citations omitted). "Second, if this threshold step is satisfied, the agency can defeat disclosure by demonstrating that release of the material would significantly risk circumvention of federal regulations or statutes." *Id.*

Del Greco states that "[t]he revelation of the use of this information by any particular law enforcement agency, including the FBI, could reasonably be expected to risk cirumvention of the law[.]" *Id.* ¶ 23. Disclosing such information "could impede the effectiveness of the FBI's internal law enforcement procedures," *id.* ¶ 21, and "may cause substantial harm to the law enforcement investigative and intelligence gathering interests of the FBI and other law enforcement agencies." *Id.* ¶ 22. Specifically, "if the FBI were to reveal the names of, time and date of, and information requested by specific law enforcement organizations concerning [an] individual, those individuals would become aware that their criminal status has come under the scope or suspicion of certain agencies or law enforcement entities and could take actions to thwart further discovery and apprehension." *Id.* ¶ 23.

Del Greco states that the "[i]nformation detailing which law enforcement agencies query the NCIC database for information is not known to the public," *id.* ¶ 26, thereby satisfying the requirement that the information be predominantly internal. In addition, she reasonably explains how the requested information relates to the FBI's practice of maintaining and exchanging information pertinent to law enforcement investigations and how a targeted individual could use such information to circumvent detection and/or contravene criminal statutes. *See id.* "[W]here [,as here,] the asserted government interest is . . . to prevent circumvention of law, the threshold

inquiry may be somewhat less demanding than for low 2 matters . . . ." *Elliott*, 596 F.3d at 279; *see Schwaner*, 898 F.2d at 795 (confirming that "information need not actually be 'rules and practices' to qualify under exemption 2, as the statute provides that matter 'related' to rules and practices is also exempt."). The Court finds that DOJ justified its *Glomar* response by showing how a substantive response to plaintiff's FOIA request could cause harm addressed by exemption 2. It therefore follows that DOJ properly invoked FOIA exemption 2 to justify withholding any such information, if it exists. In light of this determination, the Court will not address DOJ's questionable invocation of exemption 7(E) to justify its denial of the same material.[3] *See Wolf*, 473 F.3d at 375 ("Proper invocation of, and affidavit support for either [one of two exemptions], standing alone, may justify the CIA's Glomar response.") (citation omitted).

### III. CONCLUSION

For the foregoing reasons, the Court grants (1) defendants' Rule 12(b)(6) motion to dismiss the complaint against all named defendants except DOJ and (2) defendants' motion for summary judgment on the Privacy Act and FOIA claims. A separate final order accompanies this Memorandum Opinion.

RICHARD J. LEON
United States District Judge

---

[3] FOIA exemption 7(E) protects from disclosure law enforcement records "to the extent that the production of such law enforcement records or information . . . would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law." 5 U.S.C. § 552(b)(7)(E). It is unclear from the current record what law enforcement technique, procedure or guideline is at risk of being revealed merely by identification of an agency's utilizing the NCIC database.