## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **JUAN ANTONIO VAZQUEZ,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 10-0039 (RJL)** |
| | ) | |
| **U.S. DEPARTMENT OF JUSTICE** *et al.* | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION
(August **27**, 2012) [#40, #43 and #44]

This action brought in part under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, is on remand from the United States Court of Appeals for the District of Columbia Circuit for reconsideration of defendants' invocation of FOIA exemption 2 in light of *Milner v. Dep't of the Navy*, 131 S.Ct. 1259 (2011). *See* Order, No. 11-5063 (D.C. Cir. July 25, 2011) [Dkt. # 31]. The complaint arose from the Department of Justice's ("DOJ") denial of plaintiff's request for records about him maintained by the Federal Bureau of Investigation's National Crime Information Center ("NCIC"). *See Vazquez v. U.S. Dep't of Justice*, 764 F. Supp. 2d 117, 118-19 (D.D.C. 2011) (Background). Defendants move to dismiss or for summary judgment [Dkt. # 40] and

1

plaintiff cross moves for summary judgment [Dkt. # 44].[1]  Upon consideration of the parties' submissions and the relevant parts of the record, the Court will grant defendants' motion for summary judgment, deny plaintiff's cross-motion for summary judgment, and enter judgment accordingly.

## LEGAL STANDARD

"When assessing a motion for summary judgment under FOIA, the Court shall determine the matter de novo." *Judicial Watch, Inc. v. U.S. Dep't of Homeland Sec.*, 598 F. Supp. 2d 93, 95 (D.D.C. 2009) (citing 5 U.S.C. § 552(a)(4)(B)).  Summary judgment shall be granted when the movant demonstrates "that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  In a FOIA action, the Court may award summary judgment based solely on information provided in affidavits or declarations if they "describe the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981).  Such affidavits or declarations "are accorded a presumption of good faith, which cannot be rebutted by purely speculative claims about the existence and discoverability of other documents." *Safe Card Servs., Inc. v. SEC*, 926 F.2d 1197, 1200 (D.C. Cir. 1991) (citation and internal quotation marks omitted).  To rebut the presumption, a plaintiff

---

[1] Also pending is Plaintiff's Request for Judicial Notice [Dkt. # 43], which the Court will grant as unopposed.

"must point to evidence sufficient to put the Agency's good faith into doubt." *Ground Saucer Watch, Inc. v. CIA*, 692 F.2d 770, 771 (D.C. Cir. 1981). "Ultimately, an agency's justification for invoking a FOIA exemption is sufficient if it appears logical or plausible[,]" is adequately supported, and is not contradicted by the record. *Larson v. Dep't of State*, 565 F.3d 857, 862, 865 (D.C. Cir. 2009) (citation and internal quotation marks omitted).

## ANALYSIS

The Department of Justice reasserts its response to neither confirm nor deny the existence of records responsive to plaintiff's FOIA request, which the Court had found properly justified under exemption 2. *Vazquez*, 764 F. Supp. 2d at 121-22. Commonly referred to as a *Glomar* response, an agency " 'may refuse to confirm or deny the existence of records where to answer the FOIA inquiry would cause harm cognizable under an FOIA exception.' " *Id.* at 120 (quoting *Wolf v. CIA*, 473 F.3d 370, 374 (D.C. Cir. 2007)) (other citation omitted). In other words, "an agency may issue a *Glomar* response . . . if the particular FOIA exemption at issue would itself preclude the acknowledgement of such documents." *Electronic Privacy Info. Center v. Nat'l Sec. Agency*, 678 F.3d 926, 931 (D.C. Cir. 2012) (citing *Wolf*, 473 F.3d at 374); *see El Badrawi v. Dep't of Homeland Sec.*, 596 F. Supp. 2d 389, 396 (D. Conn. 2009) (finding *Glomar* response proper under exemptions 2 and 7(E) where "confirming or denying that [requester] is a subject to interest in [NCIC record] would cause the very harm [those exemptions] are designed to prevent").

The Department of Justice's *Glomar* response is based on FOIA exemption 7(E), which protects from disclosure law enforcement records to the extent that their production "would disclose techniques and procedures for law enforcement investigations or prosecutions . . . if such disclosure could reasonably be expected to risk circumvention of the law." 5 U.S.C. § 552(b)(7)(E) (2009). "[E]ven commonly known procedures may be protected from disclosure if the disclosure could reduce or nullify their effectiveness." *Citizens for Responsibility and Ethics in Wash. v. U.S. Dep't of Justice*, 2012 WL 2354353, *8 (D.D.C. June 8, 2012) (quoting *Judicial Watch, Inc. v. U.S. Dep't of Commerce*, 337 F. Supp. 2d 146, 181 (D.D.C. 2004)).

Plaintiff "seeks access [to] a log of NCIC transactions" concerning him. Decl. of Juan Antonio Vazquez ("Pl.'s Decl.") [Dkt. # 44-1] ¶ 6. Defendants' declarant, Kimberly Del Greco, describes the NCIC as a compilation of "nineteen separate databases, all of which contain material compiled for law-enforcement purposes." Supp. Decl. of Kimberly J. Del Greco [Dkt. # 40-3] ¶ 5. The listed databases – Wanted Person File, Missing Person File, Suspected Terrorist File, Gang File, National Sex Offender Registry, Unidentified Persons File, Secret Service Protective File, Protection Order File, Immigration Violator File, Foreign Fugitive File, Identity Theft File, License Plate File, Stolen Vehicle File, Stolen Boat File, Gun File, Securities File, Stolen/Lost Article File, *id*. – reasonably reflect the asserted law enforcement purpose.[2] According to Del Greco,

---

[2] According to Del Greco, the NCIC transaction log that plaintiff seeks, if it exists, would be "stored in the NCIC database as an administrative convenience; it does not generally exist in paper form anywhere in the FBI's records." Supp. Del Greco Decl. ¶ 6.

"[a] key purpose of the NCIC database is to support law enforcement agencies . . . to warn law enforcement of potential danger, and to promote the exchange of information in criminal and counterterrorism investigation." *Id.*; *see also Vazquez*, 764 F. Supp. 2d at 121 ("The Attorney General has delegated to the FBI its responsibility to 'acquire, collect, classify, and preserve identification, criminal identification, crime, and other records' . . . . Detection of behaviors and activities form the basic core of pending investigative efforts.") (quoting Del Greco Decl. ¶¶ 5, 23).

In addition, "NCIC transactions [are] performed[] in response to queries made by law enforcement agencies regarding an individual[.]" Supp. Del Greco Decl. ¶ 7.  Del Greco states that "while the public generally knows and understands" that law enforcement utilizes the NCIC databases "to perform background checks and/or other related checks . . . the details of those queries – including how they are executed, what search terms are used, what [] passwords and clearances are required, and who has authorization to run such queries, are not known to the public . . . ." *Id.* ¶ 6.  The Court finds that defendants have established the threshold requirement that the responsive records be compiled for law enforcement purposes and have shown that utilization of the

Therefore, the FBI's Criminal Justice Information Services would be "required to generate the record . . . from the administrative side of the database by querying particular fields." *Id.*  In responding to a FOIA request, however, an agency has no duty to create records. *Forsham v. Harris*, 445 U.S. 169, 186 (1980) (citing *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 161-62 (1975)); *see Baker v. Hostetler LLP v. U.S. Dep't of Commerce*, 473 F.3d 312, 323 (D.C. Cir. 2006) ("[FOIA] does not obligate agencies to create or retain documents; it only obligates them to provide access to those which it in fact has created and retained.") (quoting *Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 152 (1980)) (alteration in original).  Hence, even if the requested records were acknowledged, plaintiff's FOIA claim might fail for this reason.

NCIC database constitutes a "procedure[] for law enforcement investigations" covered by exemption 7(E).

As for the asserted harm, Del Greco states, *inter alia*, that "[p]ublic confirmation of NCIC transactions would alert individuals that they are the subject of an investigation as well as reveal[] the identity of the investigative agency.  With this information, individuals could modify their criminal behavior, thereby preventing detection by law enforcement agencies and risking circumvention of the law."  Supp. Del Greco Decl. ¶ 7. In other words, persons knowing that they are being investigated by a law enforcement entity, which the requested information would reveal, could reasonably be expected to use the information to circumvent the law.  Conversely, a person with knowledge "that there have been no NCIC checks run against him," and, hence, that he is "not on law enforcement's radar" could reasonably be expected to continue "to engage in unlawful endeavors" with renewed vigor. *Id.* ¶ 8.  This Court previously found "that DOJ justified its *Glomar* response by showing how a substantive response to plaintiff's FOIA request could cause [similar] harm addressed by exemption 2." *Vazquez*, 764 F. Supp. 2d at 121-22.  Since exemption 7(E) is designed to prevent the same type of harm, the Court finds no reason to depart from that earlier finding.

Plaintiff's opposing declaration fails to create a materially factual dispute or to call into question defendants' reasonably detailed declaration.  Plaintiff's personal reasons for wanting the requested records, *see generally* Pl.'s Decl., are irrelevant because a requester's identity and the purpose of his request generally are immaterial to the FOIA

6

analysis. *See Loving v. Dep't of Defense*, 550 F.3d 32, 39 (D.C. Cir. 2008) (quoting *U.S.*

*Dep't of Justice v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 771

(1989)); *see also Stonehill v. IRS*, 558 F.3d 534, 538-39 (D.C. Cir. 2009) ("[W]hen a

document must be disclosed under FOIA, it must be disclosed to the general public and

the identity of the requester is irrelevant to whether disclosure is required.") (citations

omitted).  And to the extent that plaintiff is asserting an overriding public interest to

compel disclosure of otherwise exempt records, *see* Pl.'s Decl. ¶¶ 11-15, his argument is

misplaced because the court's duty to weigh the privacy interests of individuals against

the public's interest in disclosure arises only under exemptions 6 and 7(C), which are not

asserted here.  *See Lesar v. United States Dep't of Justice*, 636 F.2d 472, 486 n.80 (D.C.

Cir. 1980) ("Exemption 7(C) and Exemption 6 run contrary to the theory of other

exemptions.  Here the court is called upon to balance the conflicting [public/private]

interests and values involved; in other exemptions Congress has struck the balance and

the duty of the court is limited to finding whether the material is within the defined

category.") (citation omitted).

## CONCLUSION

For the foregoing reasons, the Court finds that the Department of Justice properly

invoked Exemption 7(E) as the basis for its *Glomar* response and satisfied its obligations

under the FOIA, and therefore, defendants are entitled to judgment as a matter of law.

Consequently, the Court will grant defendants' motion for summary judgment and will

deny plaintiff's cross-motion for summary judgment.  A separate final, order

accompanies this Memorandum Opinion.

RICHARD J. LEON
United States District Judge